UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM F. DELOACH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV421-224 |
| | ) |
| BRYAN MURRAY and GEICO INSURANCE CORP., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff William F. DeLoach has filed this case seeking "lost income" and "medical care for injury from [an] auto accident." *See* doc. 12 at 1. The Court granted him leave to proceed *in forma pauperis*. Doc. 11. It also instructed him to "file an amended Complaint which includes a short and plain statement of the grounds for the court's jurisdiction." *Id.* at 3 (internal citation and quotation omitted). He has complied, insofar as he submitted an Amended Complaint. Doc. 12. However, it is clear from that Amended Complaint that the Court lacks jurisdiction over his claims, and this case should be **DISMISSED**. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* Fed. R. Civ. P. 12(h)(3).

1

As plaintiff has been granted leave to proceed IFP, the Court must screen the Complaint pursuant to 28 U.S.C. §1915(e). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.*, and the facts offered in support of the claims must rise to a level greater than mere speculation, *see Bell Atl. Corp.*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff's factual allegations are not coherent. *See generally* doc. 12. To the extent that the Court can discern the substance of his allegations at all, his claim seems to arise from the aftermath of an automobile accident. *Id.* He alleges that "Bryan Murray lied on [an] accident report" and that a dispute over that accident ensued, lasting "over three years." *Id.* at 1. Apparently, he is dissatisfied with the outcome of that dispute. *Id.* at 1-2. His bare assertions do not state a claim. While his *pro se* status might warrant an opportunity to amend, as discussed below, any such amendment would be futile as the Court lacks subject-matter jurisdiction over this case.

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Plaintiff bears the burden of pleading the grounds on which the Court might assert jurisdiction over the asserted claims. Fed. R. Civ. P. 8(a)(1); *see also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts

supporting the existence of federal jurisdiction."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) ("The plaintiff[ ], as the party asserting diversity jurisdiction, [has] the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'" (quoting *Taylor v. Appelton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Despite clear instructions to provide "a short and plain statement of the grounds for the Court's jurisdiction," doc. 5 at 4-5 & doc. 11 at 3, Plaintiff has not carried this burden.

The Court's jurisdiction can be established either because the complaint presents a federal question, 28 U.S.C. § 1331, or by the diversity of the parties, 28 U.S.C. § 1332. While his Amended Complaint is silent as to his theory of the Court's jurisdiction, his initial filing indicated that it is based on a federal question. *See* doc. 1 at 2. As the Court already explained, federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When examining assertions of federal question jurisdiction, the Court must rely upon the well-pleaded complaint. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S.

149 (1908)). Plaintiff has pointed to no federal statute or Constitutional provision that creates a cause of action in this case. He alleges that "[i]t is a crime to make false or misleading statements knowingly or unknowingly to receive financial gain in an insurance claim." Doc. 12 at 2. Setting aside whether this is an accurate description of alleged criminal conduct, the Court has already informed Plaintiff that "[t]he mere allegation of criminal conduct . . . does not establish a federal question where plaintiff has not pointed to a civil cause of action or civil remedy." Doc. 5 at 3-4 (citing *Butler v. Morgan*, 562 F. App'x 832, 835 (11th Cir. 2014)). Even adopting a liberal reading of his Complaint, the Court cannot discern any federal law that might be invoked by the alleged facts. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal quotations omitted)). Plaintiff, therefore, has not adequately pleaded federal question jurisdiction.

In the absence of a federal question, the Court's subject-matter jurisdiction might be established from the diversity of the parties. 28 U.S.C. § 1332. In order to establish diversity jurisdiction, a plaintiff must

allege that all parties are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Even if Plaintiff's request for "lost income" and "medical care for injury" were sufficient to satisfy the amount-in-controversy requirement, his prior allegations preclude diversity.  Diversity jurisdiction requires that "no defendant . . . be a citizen of the same state as any plaintiff."  *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (citing, *inter alia*, 28 U.S.C. § 1332).  In his initial Complaint, Plaintiff alleges that both he and Defendant Bryan Murray are Georgia residents.  *See* doc. 1 at 2.  His Amended Complaint, despite the Court's instructions concerning jurisdictional allegations, is silent on the parties' citizenship.  *See generally* doc. 12; *see also* doc. 5 at 4 (explaining the requirements for diversity jurisdiction).  His allegations are, therefore, positively inconsistent with diversity jurisdiction.

Because Plaintiff has failed to plead any basis for this Court's jurisdiction, his Complaint should be **DISMISSED**.  *See* Fed. R. Civ. P. 12(h)(3) ('If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Since his allegations regarding his automobile accident and ensuing insurance dispute do not

plausibly implicate any federal law and his allegations are affirmatively inconsistent with diversity jurisdiction, any attempt to amend his Complaint would be futile. *See Jenkins v. Minton*, 2020 WL 975021, at *2 (S.D. Ga. Jan. 9, 2020) (citing *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015)) ("A *pro se* plaintiff is generally granted at least one opportunity to amend a complaint."); *Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)) ("However, a district court need not allow even a *pro se* plaintiff leave to amend where amendment would be futile.").

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 27th day of April, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA