IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM F. DELOACH, d/b/a Deloach Pilot Car Service LLC, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CASE NO. CV421-224 |
| BRYAN MURRY and GEICO INSURANCE CORP., ) ) ) | |
| Defendants. ) ) | |

## O R D E R

Before the Court is the Magistrate Judge's April 27, 2022, Report and Recommendation (Doc. 13), to which Plaintiff has responded (Docs. 14, 16). After a careful review of the record,[1] the report and recommendation (Doc. 13) is **ADOPTED** as the Court's opinion in this case.

The Magistrate Judge recommended that this case be dismissed because the Court lacks subject matter jurisdiction. (Doc. 13 at 6-7.) Plaintiff has not filed any formal objection, but he has submitted two letters to the Court. (Docs. 14, 16.) Generally,

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (outlining the standard of review for report and recommendations)).

parties are discouraged from sending letters to the Court; instead of letters, parties should submit formal pleadings, motions, or, in this case, objections. See In Re: Unsolicited Letters to Fed. Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000); see also Doc. 13 at 7-8 (containing express instructions for the filing of any objections). However, because Plaintiff is proceeding pro se, the Court will consider the contents of his two submissions. See Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (per curiam) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a [filing] and recharacterize the [filing] in order to place it within a different legal category." (quoting Castro v. United States, 540 U.S. 375, 381, 124 S. Ct. 786, 791, 157 L. Ed. 2d 778 (2003))).

Plaintiff's letters do not contest any of the Magistrate Judge's findings or recommendations regarding jurisdiction.[2] Instead, he first asks the Court to issue subpoenas so that he can

---

[2] Plaintiff informs the Court that he seeks a variety of damages, including restitution for lost income to his LLC. (Doc. 16 at 1.) If Plaintiff DeLoach is seeking damages on behalf of his company, he has already been informed that he cannot bring these claims pro se. (Doc. 5 at 1-2.) Moreover, it is not clear that Plaintiff, individually, has standing to pursue claims on behalf of the LLC. See, e.g., Siewe v. Fay Servicing, LLC, No. 1:21-CV-0079-CC-JSA, 2021 WL 2651819, at *6 (N.D. Ga. Feb. 18, 2021) (analyzing why a member of a limited liability company under Georgia law does not have standing to pursue claims on behalf of the company). As standing also implicates this Court's jurisdiction, Gardner v. Mutz, 962 F.3d 1329, 1338-39 (11th Cir. 2020), Plaintiff's representation that the claims asserted are, in fact, the LLC's might be another independent reason to dismiss his claims.

2

investigate his claims. (Doc. 14 at 1.) As the Magistrate Judge observed, the Court does not have subject matter jurisdiction over this case. (Doc. 13.) It therefore does not have the power to issue the requested subpoenas. See U.S. Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 76, 108 S. Ct. 2268, 2271, 101 L. Ed. 2d 69 (1988) ("[T]he subpoena power of a court cannot be more extensive than its jurisdiction . . . . [I]f a district court does not have subject-matter jurisdiction over the underlying action . . . then the process is void . . . ."); United States v. Morton Salt Co., 338 U.S. 632, 642, 70 S. Ct. 357, 363, 94 L. Ed. 401 (1950) ("The judicial subpoena power . . . is subject to those limitations inherent in the body that issues them . . . ."); see also Houston Bus. J., Inc. v. Off. of the Comptroller of the Currency, 86 F.3d 1208, 1213 (D.C. Cir. 1996) ("[T]he district court is . . . without power to issue a subpoena when the underlying action is not even asserted to be within federal-court jurisdiction.")

Plaintiff next informs the Court that he needs "legal advice." (Doc. 16 at 1.) "Of course, this Court cannot give legal advice." Mikell v. United States, No. CV609-065, 2009 WL 3201769, at *1 (S.D. Ga. Oct. 6, 2009) (citation omitted). To the extent Plaintiff's letter is construed as a request for counsel, Plaintiff has no constitutional right to counsel in this civil case. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass

v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). The Court has "broad discretion" in determining whether to appoint counsel and should do so "only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320). Considering this Court does not have subject matter jurisdiction over Plaintiff's claims, this is not one of the "exceptional circumstances" where it might appoint counsel. In summary, Plaintiff's representations identify no defect in the Magistrate Judge's analysis in the report and recommendation.

For the foregoing reasons, the report and recommendation (Doc. 13) is **ADOPTED** as the Court's opinion in this case. Plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 12) are **DISMISSED WITHOUT PREJUDICE**.[3] The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 31ST day of May 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] Riley v. Fairbanks Cap. Corp., 222 F. App'x 897, 900 (11th Cir. 2007) (explaining district court's dismissal of case for lack of subject matter jurisdiction should be without prejudice).